# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JACOB ANDREW BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:17-cv-02902-TLP-tmp |
| v. ) | |
| ) | |
| JONATHAN P. LEBO, WTSP Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING PETITION UNDER 28 U.S.C. § 2254, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Jacob Andrew Brown[1] petitioned pro se for habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). (ECF No. 1.) The Court granted him leave to proceed in forma pauperis (ECF No. 10), and then ordered Respondent to file the record and respond to the § 2254 Petition (ECF No. 11). So Respondent filed the relevant portions of the state court record and answered the petition. (ECF Nos. 22–24, 26.) Respondent later filed physical exhibits. (ECF No. 30.) Petitioner did not reply, and the time for doing so has now passed.

For the reasons stated below, the Court **DENIES** Petitioner's § 2254 Petition as time barred.

---

[1] Brown is a state prisoner, Tennessee Department of Correction prisoner number 500196. Tennessee is currently housing him at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee.

## BACKGROUND AND PROCEDURAL HISTORY

In January 2011, Tennessee filed a juvenile delinquency petition and a juvenile incident report against Petitioner in Tipton County, Tennessee, alleging a double murder. (ECF No. 23-1 at PageID 195–200; 241–50.) The State then petitioned to transfer the case to circuit court, which the juvenile court granted. (*Id.* at PageID 202, 251.)

In March 2011, a grand jury indicted Petitioner on two counts of first-degree premeditated murder, two counts of first-degree felony murder, and two counts of especially aggravated burglary. (*Id.* at PageID 261–64.) A jury convicted Petitioner as charged and sentenced him to life imprisonment without the possibility of parole for each of the murder convictions. (*Id.* at PageID 330–35; 338–41.) The trial court then imposed an eight-year sentence for the especially aggravated robbery conviction. (*See* ECF No. 23-2 at PageID 377–80.) That court merged the convictions for felony murder into the convictions for premeditated murder and merged one of the especially aggravated burglary convictions into the other. (*Id.* at PageID 377, 379, 381.) All sentences were to be served consecutively. (*Id.* at PageID 350, 378, 380.)

On appeal, the Tennessee Court of Criminal Appeals ("TCCA") affirmed both the transfer to circuit court and the murder convictions, but remanded for resentencing reflecting a modified conviction of aggravated burglary. *State v. Brown*, No. W2012-01297-CCA-R3CD, 2013 WL 4029216, at *14 (Tenn. Crim. App. Aug. 7, 2013) (ECF No. 23-15). The Tennessee Supreme Court ("TSC") then denied permission to appeal in December 2013. (ECF No. 23-19.)

In October 2014, Petitioner petitioned pro se for relief from his sentence or conviction. (ECF No. 23-20 at PageID 1743–51.) After an evidentiary hearing, the post-conviction court denied his motion for relief in April 2015. (*Id.* at PageID 1811–17.) On appeal, the TCCA

partially affirmed the decision of the post-conviction court, concluding that the consecutive nature of Petitioner's sentences violated the Eighth Amendment.  *Brown v. State*, No. W2015-00887-CCA-R3-PC, 2016 WL 1562981, at *5–7 (Tenn. Crim. App. Apr. 15, 2016) (ECF No. 23-25.)  The TSC denied discretionary review in August 2016.  (ECF No. 23-28.)  And in March 2017, the Supreme Court of the United States denied his petition for writ of certiorari.  *Brown v. Tennessee*, 137 S. Ct. 1331 (2017).

Finally, in December 2017, Petitioner filed the instant petition.  (ECF No. 1.)

## ANALYSIS

Respondent argues that the Court should dismiss the § 2254 Petition as untimely, or, alternatively, deny it on the merits.  (ECF No. 26 at PageID 2401.)  Respondent further notes that the Tipton County Circuit Court Clerk has not yet entered corrected judgments after the TCCA's remand, but this is a clerical task that should not perpetuate tolling under 28 U.S.C. § 2244(d)(2), as the petition is no longer pending.  (*Id.* at PageID 2414.)  Petitioner has previously requested equitable tolling, which the Court determined was not applicable.  (*See* ECF No. 3 at PageID 17; ECF No. 28 at PageID 2428–29.)

**I.      Applicable Federal Statutes**

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  But the authority of this Court is limited.  A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Next, the Court looks to 28 U.S.C. § 2244, which states:

>   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall begin to run from the latest of—
>
>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**II.   The Statute of Limitations and Equitable Tolling**

This begs the question, when is a state conviction "final." State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) (citing *Lawrence v. Fla.*, 549 U.S. 327, 333 (2007)); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009). The TCCA issued its decision on direct appeal on August 7, 2013 (ECF No. 23-15), and the TSC denied permission to appeal on December 10, 2013 (ECF No. 23-19). Petitioner's convictions, therefore, became final on the last date for filing a petition for a writ of certiorari with the United States Supreme

4

Court—March 10, 2014—at which point the limitations period commences. *See Jiminez v. Quarterman*, 555 U.S. 113, 120 (2009). The statute of limitations began to run the following day.

The limitations period was then tolled under 28 U.S.C. § 2244(d)(2) on September 29, 2014, when Petitioner submitted his post-conviction petition to prison authorities for mailing. *See* Tenn. Sup. Ct. R. 28 § 2(G). (ECF No. 23-20 at PageID 1751.) By that time, 202 days of the one-year limitations period had elapsed. The TCCA partially affirmed the dismissal of the post-conviction petition on April 15, 2016 (ECF No. 23-25), and the TSC denied permission to appeal on August 19, 2016 (ECF No. 23-28). Because the limited resentencing was a modification in Petitioner's favor which changed his sentences from consecutive to concurrent, the modification did not amount to a new final judgment and did not restart the limitations period. *See Freeman v. Wainwright*, 959 F.3d 226, 229–232 (6th Cir. 2020). *See also Crangle v. Kelly*, 838 F.3d 673, 675, 678 n.1 (6th Cir. 2016).

So the limitations period began running again on the following day—August 20, 2016—and it expired 163 days later, on January 30, 2017. Petitioner did not sign his current petition until nearly ten months later—November 12, 2017.[2] Even if his petition is deemed to have been filed on the date he signed it, it is time barred.[3] *See Houston v. Lack*, 487 U.S. 266, 270–71, 276 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

---

[2] Petitioner declares that he placed the petition in the prison mailing system on November 12, 2017. (ECF No. 1 at PageID 12.) The petition was not notarized until November 22, 2017, and the certificate of service states that it was not mailed to the Attorney General until December 11, 2017. (*Id.*)

[3] Because his § 2254 Petition is time barred, the Court will not address the merits of Petitioner's claims.

Petitioner's § 2254 Petition is therefore time barred, and he is not entitled to equitable tolling. The Court therefore **DISMISSES WITHOUT PREJUDICE** his petition. Accordingly, the Court will enter judgment for Respondent.

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court has to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must point to the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A petitioner makes a "substantial showing" when the petitioner shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 337).

Here, there can be no question that the claims in this petition are barred by the statute of limitations. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court **DENIES** a COA. And for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Fed. R. App. P. 24(a), that any appeal here would not be taken in good faith and **DENIES** leave to appeal in forma pauperis.[4]

**SO ORDERED**, this 20th day of August, 2020.

          s/ Thomas L. Parker
          THOMAS L. PARKER
          UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, she must pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit with the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).